[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action involves a claim by the plaintiff, a cleaning service, against Allstate Insurance Company ("Allstate") asserting that Allstate tortiously interfered with a contract between the plaintiff and an insured of Allstate to perform cleaning services for the insured necessitated by a "puff back" from the oil furnace. The complaint also alleges a claim based upon unfair trade practices arising out of the facts alleged.
Allstate has filed a Motion for Summary Judgment and accompanying papers asserting that as soon as Allstate discovered that its insured had made arrangements with the plaintiff to perform the required cleaning services, its representative immediately called Crystal Home Cleaners ("Crystal") to cancel the inspection that Allstate had previously requested. Allstate asserts that after receiving the notice of cancellation Crystal Cleaners inspected the property and eventually performed the cleaning CT Page 8652 services. Accordingly, Allstate claims that it did not tortiously interfere with the plaintiff's contractual rights and that no unfair or deceptive acts occurred.
The plaintiff has filed opposing papers including an affidavit from the Allstate insured which states, inter alia, that she was advised by Allstate representatives that Allstate uses Crystal exclusively and that she only allowed Crystal to perform the work because she believed that no other cleaning service would be paid by Allstate.
In order to establish its request to a summary judgment the facts must be viewed in the light most favorable to the defendant and be such as to entitle the plaintiff to a directed verdict. Nolan v. Borokowski [Borkowski], 206 Conn. 495, 500 (1988). Under such a standard the court cannot conclude, as a matter of law, that the facts demonstrate that there is no genuine issue of material fact.
Accordingly, the motion for summary judgment is denied.
RUSH, J.